UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09CV-P919-S

**JOHN YUEN**                                                                                                                           **PETITIONER**

v.

**JUDGE ERICA LEE**                                                                                                     **RESPONDENT**

**MEMORANDUM OPINION**

Unrepresented by counsel, the petitioner, John Yuen, filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. He also paid the requisite $5.00 filing fee. The petition is now before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *Id.*

Petitioner states that he was convicted of housing violations in Jefferson District Court on February 13, 2008. He further states that he received "no jail time but a $5.00 per day fine by [the] jury." He claims that his due process rights were violated because the trial was held so quickly that he did not have time to prepare and that all minorities were dismissed from the jury panel. He also alleges that the trial judge sent the jury signals that prejudiced him, prevented him from calling key witnesses, and wrongly denied his motion for a directed verdict.

Section 2254 provides that " a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (emphasis added). "A monetary fine is not a sufficient restraint on liberty to meet the

'in custody' requirement." *Thrower v. City of Akron*, 43 F. App'x 767, 768 (6th Cir. 2002) (citing *Lillios v. New Hampshire*, 788 F.2d 60, 61 (1st Cir. 1986)). "Nor does potential future incarceration for failure to pay such a fine provide the requisite subject matter jurisdiction." *Id.* (citing *Dremann v. Francis*, 828 F.2d 6, 7 (9th Cir. 1987)).

Because Petitioner does not meet the "in custody" requirement of § 2254, this Court will summarily dismiss the instant action as it "plainly appears from the petition . . . that the petitioner is not entitled to relief in [this] district court." *See* Rule 4 of the Rules Governing Section 2254 Cases. The Court will enter a separate Order of Dismissal.

Date: January 17, 2010

Charles R. Simpson III, Judge
United States District Court

cc: Petitioner, *pro se*
4411.008